# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HILARIO CHICO CHICO *et al.*, <br><br> Defendants. | Case No.: C-11-03722 YGR <br><br> **NOTICE OF TENTATIVE RULING ON MOTION TO SET ASIDE ENTRY OF DEFAULT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING ON DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT, SCHEDULED FOR HEARING ON APRIL 3, 2012 AT 2:00 P.M.

The Court has reviewed the parties' papers and is inclined to grant the motion to set aside the clerk's default. This is a *tentative* ruling and the parties still have an opportunity to present oral argument. Alternatively, if the parties **JOINTLY** stipulate in writing to entry of the tentative ruling, the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court.

The Court **TENTATIVELY GRANTS the** Defendant's Motion to Set Aside Entry of Default, Dkt. No. 17, as follows:

1. Under Rule 55(c), a "court may set aside an entry of default for good cause." Fed. R. Civ. Pro. 55(c). To determine "good cause," a court must consider three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether reopening the default judgment would prejudice the plaintiff; or (3) whether the defendant has no meritorious defense. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085 (9th Cir. 2010). The standard is in the disjunctive, which means a finding that any one of these factors is true is

sufficient reason to refuse to set aside the default. *Id.* Due to the strong policy in favor of deciding cases on the merits, a court's refusal to relieve a party of a default is considered a harsh sanction and appropriate only in extreme circumstances. Defendant sets forth facts to support a finding that all three factors for setting aside a default under Rule 55(c) are satisfied. Thus, Defendant has established good cause to set aside the default.

    2. *No Culpable Conduct* – Defendant's failure to answer was the result of a mistake, not culpable conduct. He states that when he was served with the complaint, he was not aware he was being sued and did not know he needed to take any action. This does not evince bad faith intent.

    3. *No Prejudice* – Plaintiff will not be prejudiced if the default is set aside. Delaying resolution of the case or forcing Plaintiff to litigate on the merits does not constitute prejudice. The standard here is whether the Plaintiff's ability to prosecute its claims will be hindered. The Court can accept as true Defendant's assertion that no documents have been lost and that setting aside the default will not risk fraud or collusion.

    4. *Meritorious defense* – "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001) (citations omitted). This is an action for alleged copyright infringement. Plaintiff claims that it had distribution rights to a sporting event that Defendant exhibited at his restaurant without Plaintiff's permission. In his reply brief, Defendant asserts that he did not display the sporting event at his restaurant. This constitutes a defense to the action.

    5. Based on the foregoing, the Court finds that Defendant has established good cause to set aside the default entered against him.

Therefore, the Court *tentatively* Orders the following:

1) Defendant's Motion to Set Aside Entry of Default is **GRANTED**.
2) The Clerk's Entry of Default, Docket Number 12, is **VACATED** and **SET ASIDE**.
3) Defendant shall have **21 days** from the date of this Order to respond to the Complaint.

4) The parties are **REFERRED** to a Magistrate Judge for an Early Settlement Conference to be completed within 60 days of the date of this Order.

5) This Order Terminates Docket Number 17.

No later than **5:00 p.m.** on **Monday, April 2, 2012**, the parties may **JOINTLY** stipulate in writing to entry of this tentative ruling. If the parties so stipulate, then the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court. Otherwise, the hearing will take place as scheduled.

**IT IS SO ORDERED.**

Dated: March 29, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**